E-FILED
Monday, 05 March, 2012 09:48:32 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 11-cr-20036 |
| CHARLES GOODWIN, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Charles Goodwin's Motion to Dismiss the Indictment (d/e 15) (Motion). For the reasons set forth below, the Court recommends that the Motion should be denied.

## BACKGROUND

On February 8, 1994, Defendant Charles pleaded guilty to Attempted Lewd and Lascivious Act with a child under 16 years of age, a third degree felony in Florida.

In 2006, Congress enacted the Sex Offender Registration and Notification Act (SORNA). SORNA required sex offenders to register and keep their registrations current in each jurisdiction in which the offenders reside. 42 U.S.C. § 16913(a). SORNA made it a federal felony,

punishable by up to ten years in prison, for a person who must register under SORNA to travel in interstate or foreign commerce and knowingly fail to register or update his registration. 18 U.S.C. § 2250(a). SORNA further provided:

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(d). Subsection (b) required initial registration before completing a term of imprisonment for the sex offense, or if the offender was not sentenced to a term of imprisonment, not later than three business days after being sentenced for the sex offense. 42 U.S.C. § 16913(b).

On February 28, 2007, the Attorney issued an interim regulation making SORNA, "apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 72 Fed. Reg. 8897 (the Regulation). [1]

In September 2008, Goodwin moved to Illinois. On July 13, 2011, the grand jury in this District issued an Indictment (d/e 1) against Goodwin. The Indictment charged:

---

[1] The final version of the Regulation was issued on December 29, 2010 and became final on January 28, 2011. 75 Fed. Reg. 81853 (codified at 28 C.F.R. § 72.3).

> From on or about September 2008 through June 19, 2011, in Vermilion County, in the Central District of Illinois, and elsewhere,
> **CHARLES GOODWIN,**
> defendant herein, an individual required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA:), after receiving a felony conviction in February of 1994, in the State of Florida for Attempted Lewd and Lascivious Act with a Child Under 16 years of Age, knowingly failed to register and to update a registration, as required by SORNA, after leaving the State of Florida and thereafter traveled in interstate commerce to the State of Illinois.

Indictment (emphasis in the original).

## ANALYSIS

Goodwin raises a purely legal challenge to the Indictment. Goodwin moves to dismiss the Indictment on the grounds that the Regulation is unconstitutional because Congress impermissibly delegated its legislative authority to the Attorney General. Motion, at 4-8. See Mistretta v. United States, 488 U.S. 361, 372 (1989) ("Congress generally cannot delegate its legislative power to another branch."). This principal is often referred to as the nondelegation doctrine. Five Circuit Courts of Appeals, including the Seventh Circuit, have considered the issue and all have determined that Congress constitutionally authorized the Attorney General to promulgate a regulation in SORNA § 16913(d), and the Regulation is a constitutional exercise of that authority. United States v. Stevenson, __ F.3d__, 2012 WL 573326, at *4 n.3 (6th Cir. February 23, 2012); United States v.

Guzman, 591 F.3d 83, 91-93 (2d Cir. 2010); United States v. Whaley, 577 F.3d 254, 263-644 (5th Cir. 2009); United States v. Ambert, 561 F.3d 1202, 1213-14 (11th Cir. 2009); United States v. Dixon, 551 F.3d 578, 584 (7th Cir. 2008), rev'd on other grounds sub nom., Carr v. United States, 130 U.S. 2229 (2010). Numerous District Courts have agreed with this conclusion. See Tracy Bateman Farrell, Annotation, Validity, Construction, and Application of the Federal Sex Offender Registration and Notification Act (SORNA), 42 U.S.C.A. §§ 16901 et seq., its Enforcement Provision, 18 U.S.C.A. § 2250, and Associated Regulations, 30 A.L.R. Fed. 213, § 4 (2008); but see United States v. Aldrich, 2008 WL 427483, at *6 n.5 (February 14, 2008). In light of this overwhelming authority, the Court finds that the Regulation is constitutional.

Goodwin cites the recent Supreme Court decision in Reynolds v. United States, __ U.S. __, 132 S.Ct. 975 (2012). The Supreme Court has determined that SORNA did not apply to sex offenders who were convicted before the enactment of SORNA until the date that the Regulation became effective. Reynolds, 132 S.Ct. 975, 978.[2] Reynolds made the same nondelegation doctrine argument in the District Court that Goodwin now makes in the Motion. Id. at 980 (Reynolds argued in the District Court that

---

[2] Goodwin does not contest whether the Regulation was in effect when he moved to Illinois in September 2008. See Stevenson, 2012 WL 573326, at *1 (holding that the Regulation became effective on August 1, 2008).

the Regulation "violated . . . the Constitution's 'nondelegation' doctrine . . . ."). The nondelegation doctrine issue, however, was not before the Supreme Court, and the Court expressly declined to comment on the issue. Id. at 982 ("[W]e express no view on Reynolds' related constitutional claim"). The Reynolds decision, thus, has no bearing on this issue.

Goodwin also notes that the Seventh Circuit's decision in Dixon is technically not binding on this Court because the decision was overruled on other grounds. It is true that the Dixon opinion was overruled; however, the Dixon opinion sets forth the Seventh Circuit's view that the Congressional regulatory authorization in SORNA § 16913(d) is constitutional. This view is consistent with the view of the other Circuits that have addressed the issue. In light of this unanimity, this Court must conclude that Dixon's holding on this issue is still good law in this Circuit.

Goodwin also cites the dissent in Reynolds in which Justice Scalia questioned whether the Congressional regulatory authorization in § 16913(d) was an unconstitutional delegation of legislative power. Reynolds, 132 S.Ct. at 986 (Scalia, J. dissenting). The statement is in the dissent, and the statement is dicta because the issue was not before the Supreme Court. In light of the consistent view of the Circuit Courts of Appeals on the issue, this dicta in the dissent in Reynolds is not persuasive. This Court must follow the Seventh Circuit's reasoning in

Dixon, and the weight of authority throughout the Circuits, and find that Congress constitutionally authorized the Attorney General to promulgate regulations in SORNA § 16913(d), and the Regulation is a constitutional exercise of that authority. Thus, the Motion should be denied.

WHEREFORE this Court recommends that Defendant Charles Goodwin's Motion to Dismiss the Indictment (d/e 15) be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: March 5, 2012

    *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE