IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 11-20036 |
| | ) | |
| CHARLES GOODWIN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

For the second time, Defendant Charles Goodwin moves for early termination of supervised release.

This time, the Court finds that the factors balance in his favor.

The motion is allowed.

## I.

Goodwin pled guilty to failing to update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. In August of 2012, the Defendant was sentenced to serve a term of 27 months in the Bureau of Prisons.

The Defendant's initial supervised release term was vacated. At a re-sentencing hearing in June of 2013, the Defendant was sentenced to a five-year term

of supervised release. He was released from Bureau of Prisons custody on June 5, 2013. Accordingly, he has served approximately 51 of the 60 months of his supervised release term.

Last year, the Defendant filed a motion for early termination after serving over half of the term. The Court stated it had observed a positive change in Mr. Goodwin's demeanor between the sentencing hearing in August 2012 and re-sentencing hearing in June 2013 and, further, that he appeared to have made progress while on supervised release and was less likely to engage in criminal behavior as he ages. The Court denied the motion, stating it did not typically terminate supervised release terms with more than one year remaining to be served. However, the Court stated that if Mr. Goodwin continues to make progress and complies with the conditions of supervised release, it would be inclined to allow early termination after he serves four of the five years of supervised release.

The Defendant filed a second motion for early termination. The Government objected to the motion. Accordingly, a hearing was held pursuant to Federal Rule of Criminal Procedure 32.1(c).

In this motion, the Defendant states he has continued to comply with the conditions of supervised release and his term is set to expire on August 2, 2018. Mr. Goodwin states that, pursuant to 18 U.S.C. § 3583(e)(1) and the Court's previous

Order, he is a good candidate for early termination of supervised release. The motion states that Mr. Goodwin has committed no new violations and has complied with the conditions of supervised release. It further provides that U.S. Probation Officer Michael Bice reported that Mr. Goodwin has complied with the terms of supervised release. At the hearing, Counsel stated that he spoke that morning to Probation Officer Bice, who reiterated that Mr. Goodwin has had no issues and continued to comply with his supervised release conditions.

## II.

The Court is authorized under certain circumstances to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e). Before granting such a request, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine that the relief is warranted by the conduct of Mr. Goodwin and is in the interest of justice.

Applying those factors, the Court finds that early termination is warranted. Although the offense which required registration as a sex offender was certainly serious, the offense of conviction for violating the SORNA was a simple registration offense. Mr. Goodwin is almost 56 years old. Although the underlying offense was serious, that is the only sex offense that is a part of the Defendant's criminal history

and it occurred nearly 25 years ago. It appears that most of Mr. Goodwin's problems can be traced to alcohol or substance abuse and he has had no problems of that nature while on supervised release. Accordingly, the nature and circumstances of the offense and history and characteristics of the Defendant support granting the motion.

The Court has also considered sentencing factors such as deterrence and protection of the public. Because Mr. Goodwin does not appear likely to engage in similar criminal behavior, those factors also support allowing early termination.

As the Defendant alleges, moreover, most individuals who serve a prison term of 27 months serve supervised release terms of less than five years. Most individuals would serve no more than three years. This factor also supports termination after four years.

Most of the other sentencing factors are inapplicable. The Court does not see very many SORNA cases. The SORNA cases that have been before the Court have typically involved defendants who are younger than Mr. Goodwin and have committed sex crimes more recently. Accordingly, the need to avoid unwarranted sentence disparities among similarly situated individuals is not particularly applicable in this case.

The Court further concludes that Defendant is not in need of additional educational or vocational training, medical care, or other correctional treatment.

Moreover, restitution is not an issue.

Upon considering the applicable sentencing factors, the Court finds that early termination of supervised release is appropriate. The Court commends Mr. Goodwin for his compliance and supervised release is terminated.

<u>Ergo</u>, the Defendant's Second Motion for Early Termination of Supervised Release [d/e 55] is ALLOWED.

Supervised is hereby terminated.

ENTER: September 18, 2017

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge